UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSHUA GALLANT,

      Plaintiff,

v.                                      Case No: 2:14-cv-263-FtM-29CM

ORTHO-MCNEIL-JANNSEN
PHARMACEUTICALS, INC., a
Pennsylvania corporation and
JOHNSON & JOHNSON, a New
Jersey corporation,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Defendants' Motion to Dismiss Plaintiff's Complaint, In Part (Doc. #6) filed on June 17, 2014.  Plaintiff filed a Response (Doc. #7) on June 30, 2014.

**I.**

Plaintiff Josh Gallant (Plaintiff or Gallant) has filed a ten-count Complaint (Doc. #1) against Defendants Ortho-McNeil-Janssen Pharmaceuticals, Inc. and Johnson & Johnson (Defendants), alleging that he was injured as a result of his use of Risperdal, a antipsychotic medication manufactured, marketed, and distributed by Defendants.  The underlying facts, as set forth in the Complaint, are as follows:

Gallant took Risperdal from 1996 to 2013.  (Id. at ¶ 7.) According to Gallant, Risperdal caused him to suffer "serious and debilitating physical, psychological, pecuniary and related injuries, including permanent disfigurement, significant and severe weight gain, diabetes mellitus, hyperglycemia, hyperprolactinemia, enuresis, damage to his sexual and endocrine functions, gynecomastia, impaired motor skills, dyssomnia, anxiety, embarrassment, difficulty concentrating, agitation, and impaired thinking."  (Id. at ¶ 3.)  Gallant contends that these injuries were the result of Defendants' failure to accurately disclose Risperdal's risks and side effects, marketing of Risperdal in a false and misleading manner, and promotion of Risperdal for unapproved "off-label" uses.  (Id. at ¶¶ 13-59.)

Based on these allegations, Gallant brings claims for negligence (Count I), breach of express warranty (Count II), strict product liability (III), fraudulent concealment (Count IV), strict product liability and negligence for failure to warn (Counts V-VI), negligence *per se* (Count VII), negligent misrepresentation (Count VIII), negligent infliction of emotional distress (Count IX), and intentional infliction of emotional distress (Count X). (Id. at ¶¶ 60-133.)

Defendants now move to dismiss Counts IV, VII, and VIII, arguing that Gallant's negligence *per se* claim (Count VII) is barred by Florida law and that Gallant has not plead his claims

2

for fraudulent concealment (Count IV) and negligent misrepresentation (Count VIII) with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. Gallant argues that Counts IV and VII are adequately pled, but did not respond to Defendants' arguments concerning Count VII.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v.

3

Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

"Threadbare recitals of the elements of a cause of action,
supported by mere conclusory statements, do not suffice." Iqbal,
556 U.S. at 678.  "Factual allegations that are merely consistent
with a defendant's liability fall short of being facially
plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th
Cir. 2012) (internal quotation marks and citations omitted).  Thus,
the Court engages in a two-step approach: "When there are well-
pleaded factual allegations, a court should assume their veracity
and then determine whether they plausibly give rise to an
entitlement to relief."  Iqbal, 556 U.S. at 679.

### III.

### A.   Negligence *Per Se* (Count VII)

In support of his claim for negligence *per se*, Gallant argues
that Defendants' alleged misconduct violated the Federal Food,
Drug, and Cosmetic Act, 21 U.S.C. §§ 301-399f (the FDCA) and the
regulations passed by the Food and Drug Administration (FDA)
pursuant to the FDCA.  (Doc. #1, ¶ 109-115.)  Gallant further
alleges that his injuries resulted from conduct which the FDCA was
designed to prevent and that he is the type of individual the FDCA
was designed to protect.  (Id.)  Accordingly, Gallant argues that
Defendants failure to abide by the FDCA demonstrates a deviation
from the standard of care owed to Gallant and, therefore,
demonstrates that Defendants were *per se* negligent or reckless.

(Id.)   However, district courts in this Circuit have consistently held that negligence *per se* claims premised on violations of the FDCA and/or FDA regulations are barred because Florida[1] does not recognize such causes of action.   E.g., Small v. Amgen, Inc., No. 12-CV-476, 2014 WL 897033, at *6 (M.D. Fla. Mar. 6, 2014); Kaiser v. Depuy Spine, Inc., 944 F.Supp.2d 1187, 1192 (M.D. Fla. 2013); Cook v. MillerCoors, LLC, 872 F.Supp.2d 1346, 1351 (M.D. Fla. 2012).   Accordingly, Count VII is dismissed.

**B.   Fraudulent Concealment And Negligent Misrepresentation (Counts IV & VIII)**

Defendants argue that Counts IV and VIII must be dismissed because the causes of action are not pled with the particularity required by Rule 9(b).   Fraud and fraud related claims are subject to the heightened pleading requirements of Rule 9(b), which require a complaint "to state with particularity the circumstances constituting fraud."   Fed. R. Civ. P. 9(b).   "Particularity means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them."   U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) (quotations omitted).   The purpose of this

---

[1]   Florida's substantive law governs in this diversity case.   LaTorre v. Connecticut Mut. Life Ins. Co., 38 F.3d 538, 540 (11th Cir. 1994).

requirement is to "alert[] defendants to the precise misconduct with which they are charged . . . ." Id. at 1359.  Therefore, if Courts IV and VII[2] are not pled with particularly, they must be dismissed.

Here, the Complaint alleges a series of misrepresentations and omissions committed by Defendants, including "[f]ailing to publish or report negative studies about Risperdal;" "[p]resenting false and misleading studies and reports concerning Risperdal;" "[f]ailing to file accurate and timely reports of post marketing adverse events;" and "[d]istributing promotional materials . . . which were false, misleading and/or lacking in fair balance." (Doc. #1, ¶ 16.)  The Complaint also alleges that Defendants sent healthcare professionals a false and misleading letter that minimized Risperdal's risks and that Defendants "knew or should have known about articles written by independent researches . . . that demonstrated an association between atypical antipsychotics, including Risperdal, and serious and life threatening adverse effects . . . ."  (Id. at ¶¶ 26-29.)

However, Gallant does not provide any support for his allegation that these materials contained misrepresentations. Indeed, other than the conclusory allegations set out above,

---

[2] A claim for negligent misrepresentation sounds in fraud and, therefore, is subject to Rule 9(b).  Souran v. Travelers Ins. Co., 982 F.2d 1497, 1511 (11th Cir. 1993).

Gallant does not identify with particularity any allegedly false statements.  As such, the Complaint lacks any facts concerning the substance and details of Defendants' allegedly fraudulent conduct and, accordingly, Defendants have not been alerted to the precise misconduct with which they are charged.  Accordingly, the allegations underlying Gallant's fraud claims do not satisfy Rule 9(b) and, therefore, Counts IV and VII are dismissed.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Complaint, In Part (Doc. #6) is **GRANTED** and Counts IV, VII, and VIII of the Complaint are **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___19th___ day of September, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


Copies: Counsel of record